Steven G. Biddle; AZ Bar No. 012636
sbiddle@littler.com
Joshua L. Waltman; AZ Bar No. 023874
jlwaltman@littler.com
LITTLER MENDELSON, P.C.
2425 East Camelback Road, Suite 900
Phoenix, AZ  85016
Telephone:   602.474.3600
Facsimile:   602.957.1801

Attorneys for Defendant
Wal-Mart Stores, Inc.

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Gilbert Trujillo, | Case No. |
| Plaintiff, | **DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441 (DIVERSITY)** |
| v. | |
| Wal-Mart Stores, Inc., | |
| Defendant. | |

**TO:   CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA**

PLEASE TAKE NOTICE that Wal-Mart Stores, Inc. ("Defendant"), hereby removes the above-entitled action from the Superior Court of the State of Arizona, County of Gila, to the United States District Court for the District of Arizona.  Defendant makes the removal because this Court has original jurisdiction under 28 U.S.C. § 1332 and the action is removable under 28 U.S.C. §§ 1441, 1446, and Local Rule of Civil Procedure 3.7.

In support of this Notice of Removal, Defendant states the following:

1.      On March 2, 2016, Plaintiff Gilbert Trujillo ("Plaintiff") filed a Complaint in the Gila County Superior Court, entitled *Gilbert Trujillo v. Wal-Mart Stores, Inc.*, Case No. CV2016-00047.   The Complaint alleges that Plaintiff was wrongfully terminated in retaliation for exercising his workers' compensation rights, in violation of the Arizona Employment Protection Act, A.R.S. § 23-1501.

LITTLER MENDELSON
A Professional Corporation
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

2.     On June 8, 2016, Plaintiff served Defendant through its statutory agent. A true and correct copy of all process, pleadings, and orders in the state court action are being filed with this Notice as required by 28 U.S.C. § 1446(a) and are attached as **Exhibit 1**.

3.     Accordingly, Defendant has filed this Notice of Removal within 30 days after receipt of the initial pleading setting forth a removable claim and it is timely filed under 28 U.S.C. § 1446(b).

4.     This Court has original jurisdiction over the action under 28 U.S.C. § 1332 and removal jurisdiction under 28 U.S.C. § 1441 because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5.     Specifically, Plaintiff is now, and at the time he commenced this action, a citizen of the state of Arizona.

6.     Defendant is now, and was at the time Plaintiff commenced this action, incorporated in Delaware with its principal place of business in Arkansas.  Defendant is not, and was not at the time Plaintiff commenced this action, a citizen of Arizona.  Therefore, Plaintiff is diverse in citizenship from Defendant.

7.     Defendant need only establish that the amount in controversy exceeds $75,000 by a preponderance of the evidence, that is, that it is more likely than not that the amount in controversy exceeds $75,000.  *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 551 (2014); *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

8.     Based on the Complaint, Plaintiff is seeking both compensatory and punitive damages.  Plaintiff affirmatively asserted to the Superior Court that the case is not subject to mandatory arbitration, indicating that the amount in controversy exceeds $25,000. Additionally, Plaintiff has previously made a settlement demand well in excess of the required jurisdictional amount of $75,000 (specifically, for $98,000).  Based on the facts alleged and the damages requested, it is more likely than not that the claimed damages in

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

-2-

this case exceed $75,000, and the amount in controversy in this case meets the jurisdictional requirement.

9.     Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as the district and division embracing the place where the state action is pending.

10.     The Notice to Adverse Parties of Removal to Federal Court was filed in state court and served simultaneously herewith, in accordance with 28 U.S.C. §1446(d), and a copy is attached as **Exhibit 2**.

11.     The Notice to State Court of Removal of Civil Action to Federal Court was filed in state court and served simultaneously herewith, in accordance with 28 U.S.C. § 1446(d), and a copy is attached as **Exhibit 3**.

DATED this 5th day of July 2016.

*s/ Steven G. Biddle*
Steven G. Biddle
Joshua L. Waltman
LITTLER MENDELSON, P.C.
Attorneys for Defendant

I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants, and mailed a copy of same to the following if non-registrants, this 5th day of July 2016 to:

Thomas Griffin
Robaina & Kresin PLLC
5343 North 16th Street, Suite 200
Phoenix, Arizona 85016-3231
Attorneys for Plaintiff

*s/ Bridget Cano*

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

-3-